# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

**CADENCE BANK, N.A., as successor-in-interest by merger to Superior Bank, N.A., as successor-in-interest to Superior Bank, FSB, by asset acquisition from the FDIC as receiver for Superior Bank, FSB,**

    **Plaintiff,**

v.     **CASE NO. 5:13-CV-222-RS-GRJ**

**DELORES W. WINDOLF, et al.,**

    **Defendants.**
_____/

## ORDER

Before me are Plaintiff's Motion for Summary Judgment on Verified Complaint (Doc. 55), the Response of Defendants David M. Demarest and Ian Y. Henderson in Opposition to Plaintiff's Motion for Summary Judgment (Doc. 61), and the Respones of Defendants Delores W. Windolf and Reinhard Windolf in Opposition to Plaintiff's Motion for Summary Judgment (Doc. 63).

The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251, 106 S. Ct. 2505, 2512 (1986). The moving party has the burden of showing the absence of a genuine issue as to

any material fact, and in deciding whether the movant has met this burden, the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).

An issue of fact is material "if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Wright v. Sandestin Investments, LLC,* 914 F. Supp. 2d 1273, 1278 (N.D. Fla. 2012). Thus, if reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment. *Miranda v. B & B Cash Grocery Store, Inc.,* 975 F.2d 1518, 1534 (11th Cir. 1992) (citing *Mercantile Bank & Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)). However, a mere 'scintilla' of evidence supporting the nonmoving party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party. *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Anderson*, 477 U.S. at 251).

I accept the facts in the light most favorable to the Defendants. *See Galvez v. Bruce*, 552 F.3d 1238, 1239 (11th Cir. 2008) (citing *Vinyard v. Wilson*, 311 F.3d 1340, 1343 n.1 (11th Cir. 2002)). On April 23, 2007, Defendants joined in execution of certain loan, security, and perfection documents (together, the "Loan

Documents"). Defendants' obligation to Plaintiff is secured by the Mortgaged Property. It is undisputed that Defendants have defaulted pursuant to the terms and conditions of the Loan Documents by failing to make payments due and owing on the Obligation since December 13, 2012.

On December 31, 2012, the Obligation was the subject of a demand letter sent to all Defendants. Defendants have made no payments on the Obligation after the Demand Date. Plaintiff filed its complaint on June 10, 2013, and all Defendants except Jubilation Homeowners Association, Inc., have filed an answer. According to Plaintiff, as of January 12, 2015, the amount due under the Loan Documents is in the aggregate amount of $714, 381.44 inclusive of principal, accrued interest, and late charges.

Plaintiff moves this Court to grant judgment as a matter of law because there are no material facts in dispute. Count 1 of the Complaint seeks damages against Defendants resulting from their default, and Count 2 seeks to foreclose a mortgage on real property. In response, Defendants argue that a genuine issue of material facts exists as to the amount due and whether Plaintiff has a right to enforce the Loan Documents sued upon.

Under Florida law, an action for breach of a promissory note is the same as a breach of a contract action. *See Wane v. Lane Corp.*, 2013 WL 672574, *10 (M.D.

Case 5:13-cv-00222-RH-GRJ   Document 66   Filed 02/04/15   Page 4 of 4

Page **4** of **4**

Fla. Feb. 23, 2013). The "elements of a breach of contract claim are (1) a valid contract; (2) a material breach; and (3) damages." *Beck v. Lazard Freres & Co., LLC,* 175 F.3d 913, 914 (11th Cir. 1999) (citing Abruzzo v. Haller, 603 So. 2d 1338, 1340 (Fla. 1st DCA 1992)). Defendants do not dispute the validity of the Loan Documents, that they are in default, or that an Obligation remains outstanding. Additionally, Defendants have not disputed the specific amount of the Obligation, other than a general denial. Such general denial is not sufficient to preclude summary judgment in favor of Plaintiff on all counts of the Complaint.

Because reasonable minds could not differ on the inferences arising from the undisputed facts, summary judgment as to all counts is granted in favor of Plaintiff. *See Miranda v. B & B Cash Grocery Store, Inc.,* 975 F.2d 1518, 1534 (11th Cir. 1992) (citing *Mercantile Bank & Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)). Accordingly, the relief requested in Plaintiff's Motion for Summary Judgment on Verified Complaint (Doc. 55) is **GRANTED**. The Clerk is directed to remove the case from the active docket. Additionally, Plaintiff shall submit a proposed Final Judgment not later than February 18, 2015.

**ORDERED** on February 4, 2015.

          /S/ Richard Smoak
          **RICHARD SMOAK**
          **UNITED STATES DISTRICT JUDGE**