IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISON

CADENCE BANK, N.A., as successor-in-
interest by merger to Superior Bank, N.A.,
as successor-in-interest to Superior Bank,
FSB, by asset acquisition from the FDIC
as receiver for Superior Bank, FSB

    Plaintiff,

v.                                                                                                  CASE NO. 5:13-cv-222

DELORES W. WINDOLF, individually, REINHARD
WINDOLF, individually, DAVID M. DEMAREST,
individually, and IAN Y. HENDERSON, individually,
JUBILATION HOMEOWNERS' ASSOCIATION, INC.,
UNKNOWN SPOUSE OF DAVID M. DEMAREST, UNKNOWN
SPOUSE OF IAN Y. HENDERSON, UNKNOWN TENANTS
IN POSSESSION,

    Defendants.
_____/

## FINAL JUDGMENT

Before me is the Motion for Summary Judgment on Verified Complaint (the "Motion for Summary Judgment") (Doc. 55), filed by Cadence Bank, N.A., as successor-in-interest by merger to Superior Bank, N.A., as successor-in-interest to Superior Bank, FSB, by asset acquisition from the FDIC as receiver for Superior Bank, FSB (the "Bank"). On February 4, 2015, I granted the Motion for Summary Judgment. Doc. 66. Accordingly,

**IT IS ORDERED**:

    1.    On the basis of the matters alleged in the Complaint, and established by the Bank, the Bank is owed the following sums of money from Defendants Delores W. Windolf, Reinhard Windolf, David M. Demarest, and Ian Y. Henderson (together, the "Judgment Debtors"):

Principal:    $ 638,898.04

| | |
|---|---:|
| Interest (through 2/13/15): | $ 73,098.71 |
| Late Fees: | $ 5,792.15 |
| **TOTAL:** | **$ 717,788.90** |

(the "Judgment Amount"). The Judgment Amount will bear interest at the statutory rate provided for judgments from the date of entry of this Judgment.

  2. With respect to Count I of the Complaint, the Bank is entitled to entry of this Judgment in its favor and against the Judgment Debtors, for the full Judgment Amount.

  3. With respect to Count II of the Complaint, the Bank is entitled to entry of this Judgment, in its favor and against the Judgment Debtors and the Jubilation Homeowners' Association, Inc. (together, the "Defendants") and all persons claiming under, through or against them. Specifically, the Bank is entitled to the entry of this Judgment foreclosing its interest in the Mortgaged Property, located in Gulf County, Florida, as more fully described in Exhibit "A" hereto.

  4. Further, with respect to Count II of the Complaint, as of the date of this Judgment, the Bank shall hold a lien upon the Mortgaged Property for the total sum specified in Paragraph 1 herein (the "Judgment Amount"). The lien of the Bank is superior in dignity to any right, title, interest or claim of the Defendants, and all persons, corporations, or other entities claiming by, through, or under the Defendants, and the Mortgaged Property will be sold free and clear of all claims.

  5. Pursuant to 28 U.S.C. §§ 2001 and 2002, the United States Marshal for the Northern District of Florida shall offer the Mortgaged Property for public sale to the highest and best bidder, subject to certain other rights as set forth in this order. No further order or action shall be required to effectuate the sale of the Collateral.

6.      Before taking physical possession of the Mortgaged Property, the United States Marshal or the Marshal's representative shall have free access to the premises during reasonable business hours.

7.      The sale by public auction shall be held at the Gulf County Courthouse in Port St. Joe, Florida in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002.  The United States Marshal shall promptly notify each of the following people of the date and time of the sale.

> Steve M. Watkins, III, Esquire
> 41 Commerce Street
> Apalachicola, Florida 32320
>
> John A. Christy, Esquire
> Andrew J. Lavoie, Esquire
> 1100 Peachtree Street, NE, Suite 800
> Atlanta, Georgia 30309
>
> Jubilation Homeowner's Association, Inc.
> c/o Gulf Coast Property Services, LLC
> 106 Trade Circle West, Suite H
> Port St. Joe, Florida 32456
>
> Allison C. Doucette, Esquire
> Anthony & Partners, LLC
> 201 N. Franklin Street, Suite 2800
> Tampa, Florida 33602

8.      The United States Marshal shall advertise the date and time of the sale by publishing a Notice of Marshal's Sale once a week for four consecutive weeks preceding the date fixed for the sale.  The advertisement shall appear in at least one newspaper regularly issued and of general circulation located in Gulf County, Florida.  The notice shall describe the Mortgaged Property and the terms and conditions of sale set forth in this order.

9.      The following terms and conditions govern the sale of the Mortgaged Property:

a. The sale is subject to any law, ordinance, and governmental regulation (including building and zoning ordinances) affecting the premises and any easement or restriction of record.

b. The proceeds of sale shall be used to pay the unpaid balance of the Judgment Amount, any outstanding real property tax affecting the Mortgaged Property, and any assessments that are superior pursuant to Florida Statutes §§ 718.116 and 720.3085.

c. On the date of the sale, the successful bidder must deposit with the United States Marshal, either by cashier's check or certified bank check, a minimum of 10% of the amount bid on the date of the sale.

d. The successful bidder shall tender the balance of the purchase price to the United States Marshal within forty-eight (48) hours following the date of the sale.  Payment shall be made by cashier's check payable to the United States Marshal for the Northern District of Florida.  If a successful bidder fails to fulfill this requirement, the deposit is forfeited. The Mortgaged Property shall again be offered for sale under the terms and conditions set forth in this order.

e. The Bank may credit the bid amount the Bank is owed under the Judgment without tender of cash.

f. The sale of the Mortgaged Property is subject to confirmation by this Court, and upon confirmation and receipt of the full purchase price of such sale and payment of any fees and costs owed to the United States Marshal Service, the United States Marshal shall execute and deliver a deed

conveying the Mortgaged Property to the purchaser. The Plaintiff shall be responsible for the fees and costs owed to the United States Marshal Service even if a third party purchases the Mortgaged Property.

g. The Mortgaged Property shall be sold free and clear of any lien or encumbrance except as otherwise provided above.

10. Upon confirmation of the sale of the Mortgaged Property, the United States Marshal shall ascertain the expenses of the sale, including any cost of publication and any expense of preservation, and shall pay any remaining fees, to include the US Marshal's Service commission, out of the sale proceeds. The Marshal shall remit the balance of the sale proceeds to the Clerk of the Court with a statement of the Marshal's costs and expenses.

11. Within thirty (30) days after confirmation of the sale, the Bank shall certify the unpaid balance of the Bank's claim and file with the Clerk a statement providing notice of that balance. To the extent the proceeds of the sale allow, the Clerk shall distribute the amount of the unpaid mortgage balance plus interest and any expense incurred by the Bank to protect the Bank's interest in the Mortgaged Property.

12. Finally, jurisdiction of this Action is retained to enter further orders that are proper, including a deficiency judgment against the Judgment Debtors.

**ORDERED** on March 9, 2015.

                                              **/s/ Richard Smoak**
                                              **RICHARD SMOAK**
                                              **UNITED STATES DISTRICT JUDGE**

# EXHIBIT "A"

Lot 63, JUBILATION PHASE II, according to the map or plat thereof as recorded in Plat Book 5, Page 12, Public Records of Gulf County, Florida.